# GULF REFINING CO., Appellant, v. EVATT, Appellee.

## Board of Tax Appeals.

No. 7,021. Decided 1947.

104

**ENTRY**

This cause and matter came on to be heard by the Board of Tax Appeals upon an appeal filed herein by the appellant above named from a final determination and order of the tax commissioner which modified and as modified confirmed an amended and corrected assessment for the tax year 1939 on tangible personal property of the appellant in certain named taxing districts in Hamilton County, Ohio. The case was heard and submitted to the Board upon said appeal, a transcript of the proceedings of the tax commissioner relating to the assessment and order complained of, a' stipulation of the facts read into the record on the hearing of the case and upon the briefs of counsel.

On consideration of the case as thus submitted, the Board of Tax Appeals finds that on June 28, 1939, the appellant, a corporation incorporated and organized under the laws of the state of Delaware, and engaged in business in Hamilton county and elsewhere in the state of Ohio, filed a combined or inter-county tax return of its intangible and tangible personal property for the tax year 1939 as provided for by **section 5378, General Code** relating to the assessment of the taxable property of corporations owning property in more than one county in the state. In its tax return the appellant, among other things, listed the tangible personal property owned and used in business by it in certain taxing districts in Hamilton county, therein named; and included in such tangible personal property as so listed was certain machinery and equipment, which class of property was listed with respect to ownership and valuation in the taxing districts wherein the same was located, as of the first day of January 1939, as provided for by **5368, GC.** Such machinery and equipment was listed in said tax return with respect to the several taxing districts, the de-

preciated book valuations of the property and the listed valuations thereof as follows:

| County | Taxing District | Depreciated Book Value | Listed Values (50% of Dep. Book Value) |
|--------|-----------------|------------------------|----------------------------------------|
| Hamilton Berea Sp. S. D. | Whitewater— | $3,875,480 | $1,937,740 |
| Hamilton Sch. 2, Brower Road | Miami Twp. | 76,180 | 38,090 |
| Hamilton | Cincinnati City | 21,300 | 10,650 |
| Hamilton | Lockland Corp. | 4,940 | 2,470 |

At the time appellant filed its tax return with the tax commissioner, it likewise filed, under the authority of §5389, G.C., a claim for deduction from the depreciated book valuations of such machinery and equipment referred to as a 902 claim.

Included in the machinery and equipment listed by the appellant in the several taxing districts of Hamilton county as aforesaid, were certain engines, machinery and equipment used by the appellant in manufacturing and refining of gasoline and other petroleum products; which particular items of property prior to the tax year 1939 were considered by the taxing authority of said county to be real property and in the tax year 1938 and prior years were assessed against the appellant as a part of its real estate on the real property tax list and duplicate of the county and of the several taxing districts wherein such property was located. However, on June 27, 1939 the tax commissioner, acting under the authority of §1464-3 and 1464-4, GC, to adopt rules relating to the taxation of property, adopted and promulgated in the manner provided by law, Rule 2 providing for the classification for purposes of taxation of tangible property used in the refining operations in the petroleum industry; and in and by said rule the tax commissioner classified as personal property for the purposes of taxation engines, machinery and equipment such as that above referred to which prior to the adoption of said rule had been assessed as real property. And thereafter in the year 1939 and before the real property tax list and duplicate of Hamilton County and of the several taxing districts therein were prepared and completed for said tax year, the county auditor of said county with-drew such engines, machinery and equipment from such real property tax list and duplicate. In this situation the appellant in filing its said tax return for the tax year 1939 and in listing therein its machinery and equipment as aforesaid, included in its 902 claim, above referred to, the stated true valuation of the engines, machinery and equipment which had theretofore been assessed as real

property, but which the tax commissioner had classified as personal property, and requested the deduction of the valuation of such items of property from the valuation of the machinery and equipment as listed in appellant's tax return in the several taxing districts of the county where such property was located.

Thereafter on August 14, 1939 the tax commissioner on audit of appellant's tax return and on consideration of its 902 claim for deduction as aforesaid, made and issued an assessment certificate on and with respect to appellant's tangible personal property in said county and, denying appellant's request for the deduction of the valuation of the items of property referred to in appellant's 902 claim, included the valuation of such items in the valuation of the machinery and equipment listed in appellant's tax return, and distributed the assessed valuation thereof in and to the several taxing districts of the county in which the property was located. On September 7, 1939 the tax commissioner made and issued an amended assessment certificate on and with respect to appellant's tangible property in said county. In and by this amended assessment certificate the tax commissioner recognized and allowed appellant's claim for the deduction of the valuation of the particular items of property referred to in its 902 claim and, deducting the valuation of such items, distributed the balance of the assessed valuation of appellant's machinery and equipment to the several taxing districts of the county above noted. Thereafter under date of August 7, 1941, a few days before the lapse of the two year limitation of time prescribed therefor by the provisions of §5377, GC, the tax commissioner made and issued a second amended or corrected tax certificate for the tax year 1939 as to appellant's tangible personal property in the county in and by which certificate the tax commissioner again denied appellant's request for the deduction of the valuation of the items of property referred to in its 902 claim, and restoring the valuations as made in his original assessment certificate, he included the valuation of such items of property in the assessed valuation of appellant's machinery and equipment as listed in its tax return, and distributed the assessed valuation of such machinery and equipment in and to said taxing districts. On August 21, 1941 the appellant acting under authority conferred upon him by §5394 GC, filed with the tax commissioner an application for review and redetermination with respect to the amended or corrected tax assessment and certificate as to appellant's tangible property made and issued on August 7, 1941, above noted. This application for review and redetermination, so far as the same

is here pertinent, was predicated on the ground therein stated. as follows:

"The Tax Commissioner should follow the intent of the Legislature at the time of the enactment of the law for the assessment of tangible personal property and not assess personal property which is transferred from the real estate duplicate to the personal property duplicate in the first year in which such transfer occurs."

The argument of appellant in support of its application for review and redetermination on the ground above stated, was apparently based on the view that since the legislature in the enactment of Intangible and Personal Property Tax Law of 1931 had in section 5 of said act (114 O. L. 777) provided that assessments on all personal property for the tax year 1931, other than that of public utilities, should be cancelled, and that such personal property should be taxed in the year 1932 in the manner provided by said act, said legislative body had thereby evinced its intent that where in any subsequent year, personal property which had been theretofore erroneously assessed as real property, but which in such year was transferred to the personal property tax list, such property should be exempted from taxation for the tax year in which such transfer is made and should be assessed for taxation for the first time in the following year. On April 2, 1943 the tax commissioner on consideration of said application for review and redetermination, corrected the assessment certificate made by him under date of August 7, 1941 in certain particulars (not here important) with respect to the valuations of appellant's tangible property in some of the taxing districts of the county; but otherwise, and with respect to the question here presented the tax commissioner in and by said order and by the effect thereof denied appellant's application for review and redetermination on the ground therein stated and, as thereby modified, confirmed the assessment made under date of August 7, 1941. On May 3, 1943 and within the time prescribed by law, the appellant filed an appeal with the Board of Tax Appeals from the final order of the tax commissioner under date of April 2, 1943, therein complained of. As required by the provisions of §5611 GC, the appellant set out in its notice of appeal filed with the Board of Tax Appeals the alleged errors of the tax commissioner therein complained of. So far as the same are now material, the errors therein assigned with respect to said order of the tax commissioner under date of April 2, 1943 are as follows:

"It does not allow all of appellant's claims for deductions as set forth in appellant's 1939 inter-county return.

"The gross values shown therein improperly include certain tangible personal property which prior to the year 1939 was assessed as real property.

"It fails to allow appellant's claims as set forth in its Memorandum in Support of its Application for Review and Redetermination under the preliminary assessment certificate by the Department of Taxation dated August 7, 1941, to the Auditor of Hamilton County."

On June 15, 1943 the 95th General Assembly of Ohio enacted Senate Bill 246 which act, as enacted, was carried into the General Code by designation of the Attorney General, as §5399 GC. This section reads as follows:

"When it shall have been determined by a board of revision, the tax commissioner, the board of tax appeals or a court that taxable property which has been listed and assessed for the purpose of taxation as real property for any year should not have been assessed as such, or when any taxable property previously listed and assessed as real property shall have been removed from the auditor's list of taxable real property or the real property tax list and duplicate, such property shall not be listed and assessed as personal property until the year succeeding that for which such determination was made, or the year succeeding that in which such removal occurred."

This statute became effective as a law on September 16, 1943; which date, it will be observed was not only long after the date as of which the items of property here in question were assessed for taxation and after the date upon which the assessment complained of was made and certified, but the effective date of this statute was likewise subsequent to the date of the order of the tax commissioner confirming said tax assessment following the hearing of appellant's application for review and redetermination with respect to said tax assessment, and subsequent to the date of this appeal to the Board of Tax Appeals from the final order of the tax commissioner therein complained of.

As this case is submitted to the Board of Tax Appeals on this appeal and upon the brief of counsel for appellant, the

issues thereof are to be determined solely on the consideration of the question as to the effect, if any, to be given to the above quoted provisions of §5399 GC, with respect to the assessment complained of in this appeal and with respect to the final order of the tax commissioner confirming such assessment. More specifically on the facts of this case the question here presented is whether the provisions of this section of the General Code have any application to the assessment as personal property of said engines, machinery and equipment which prior to the year 1939 were assessed as a part of appellant's real property, but which in that year were classified as personal property and assessed as such in the several taxing districts of the county wherein such property was located. On the consideration of the questions here presented, it is to be recognized that the items of property above referred to are personal property and were such on January 1, 1939 as of which date such property was assessed for taxation for said tax year. As to this, it is to be noted that these particular items of property did not acquire their character as personal property by reason of the rule of the tax commissioner classifying them as such; but they had their quality and character as personal property by reason of their construction and by reason of their connection and use in the manufacturing and refining of gasoline and other petroleum products in the plant or plants of appellant in the taxing districts of said county wherein this property was situated. See **Zangerle, Aud. v The Standard Oil Company of Ohio, 144 Oh St, 506; The Standard Oil Company v Zangerle, Auditor, 144 Oh St, 523.** The fact that the items of property here referred to had the character of personal property on January 1, 1939, and were assessed as of said date for the tax year 1939, is of some significance, apart from other and more specific questions, in determining the issues of this case. As to this the following is said in Cooley on Taxation (4th Ed.), Volume 2, section 546:

"The taxable status of persons and property relates to a certain day in each year. There must be some day of the year as of which the power to tax property at all, or the power to tax it to a certain person, is to be determined. That day will fix the power to tax with reference (1) to whether the property was in existence on that day, (2) whether the property was within the jurisdiction so as to have a taxable situs on that day, (3) whether the property was exempt from taxation on that day, and (4) whether the property should be taxed to one person or another as dependent on its ownership on that day."

In this view and since the appellant's contention in this case, in effect, is that the items of property here in question should be exempted from taxation for the tax year 1939, it is pertinent to note further in this connection that "the law in force at the time of the tax day as of which the power to tax is determined governs the question of exemptions". Cooley on Taxation (4th Ed.) Volume 2, section 654.

These considerations lead to the view that at the time the tax commissioner made his assessment on the items of personal property here in question and at the time he made his final order confirming such assessment, such assessment and final order were correctly made under §5328 GC, providing that all personal property located and used in business in this state shall be subject to taxation and under the provisions of §5378, GC, specifically providing for the assessment of the taxable property of inter-county corporations. For as to this, we are unable to ascribe any validity to appellant's argument on its application for review and redetermination filed with the tax commissioner that the legislature in the enactment of the Intangible and Personal Property Tax Law of 1931, and in providing therein that assessments on personal property for the tax year 1931 (other than assessments on the personal property of public utilities) should be cancelled and that such personal property should be assessed for the first time in the tax year 1932, had thereby indicated an intent that where thereafter in any subsequent year property which had theretofore been taxed as real property is in such year classified as personal property for purposes of taxation, such property should be exempted from taxation in such year and taxed for the first time in the following year.

In this situation and noting that the provisions of §5399, GC, above quoted, were enacted and became effective subsequent to the date of the filing of this appeal with the Board of Tax Appeals, the question is presented, apart from those hereinafter noted and discussed with respect to the application of the provisions of §5399, GC, in this case, as to whether the Board of Tax Appeals should decide this case on the law as it existed at the time the assessment and final order of the tax commissioner complained of in this appeal were made, or on the law as it now exists including the provisions of §5399 GC, above noted. The general question as to whether a reviewing court hearing an appeal on an assignment of error directed to the decision of the lower court, should decide the case on appeal on the law as it existed at the time the decision in the lower court was made, or upon the law as changed by legislation enacted after the appeal of proceedings in error were

filed in the reviewing court, is a question upon which the court decisions are in conflict, 5 C.J.S. Appeal and Error, p. 1310 sec. 1841. The rule in some states is that the law in force at the time the judgment in the, lower court was rendered is controlling; and the decision of the Supreme Court of this state in the case of Cowen v State ex rel., 101 Oh St 387, supports this rule.

One of the questions which presents itself most prominently in this case, aside from the constitutional question hereinafter noted, is as to whether the application of provisions of §5399, GC, in this case as it is presented to the Board of Tax Appeals, is excluded by the familiar provisions of §26, GC. As to this it may be noted that this Board is committed to the view that although a tax levy for a particular purpose made by an act of the legislature or by a political subdivision pursuant to legislative authority does not constitute a "pending proceeding" within the purview of §26 GC, with respect to later legislative action affecting such tax levy (Alexander v Spencer, 13 C. C. (N. S.) 475), a tax assessment made by an authorized officer or agent of the state against a particular taxpayer on and with respect to designated property owned and held by such taxpayer, is a "pending proceeding" within the provisions of this section of the General Code. Finkelman v Evatt, tax commissioner, 24 OO 121, 122. See Cincinnati et al v Davis, 58 Oh St 225, 234; Industrial Commission v Vail, 110 Oh St 304; State ex rel Podley v Industrial Commission, 127 Oh St 583; State ex rel. v Atkinson, 138 Oh St, 157, 162. On this point counsel for the appellant in his brief contends that §26 GC does not apply to the provisions of §5399 GC, for the reason, as stated that §5399 GC is new legislation and is not an amendment or repeal of any existing statute; and in support of his contention counsel cites the case of Wheeling and Lake Erie Railroad Company, v Toledo Railway and Terminal Company, 72 Oh St 368. As against the authority of this decision of the Supreme Court we are required to note the contrary views indicated by that Court in the cases of Railroad Company v Hedges, 63 Oh St 339, 341 and State ex rel. v Ach, 113 Oh St, 482, 485. In the case of Railroad Company v Hedges, supra, the Court said:

"It is true that section 79, Revised Statutes (now 26 GC) applies only in terms to the amendment or repeal of the statute, and the action of 1890 above referred to is neither. Still, we regard the principle of that section as declaratory of the policy of our law, which forbids giving to a statute retroactive

effect, although remedial in character, unless the act contains an express provision to that effect."

In the case of State ex rel. v Ach, supra, the Court in the consideration of the statute then before it and as against the contention of counsel in the case that §26 GC did not apply to such statute, said that "any change by whatever name it may be called amounts to an amendment". And in the syllabus of the report of the Court's decision in this case it was held:

"Where a legislative enactment materially changes the procedure required to be followed by any governmental agency by requiring certain steps to be taken which were not theretofore necessary, such legislation amounts to an amendment of the laws theretofore existing, and is therefore subject to the rule of interpretation provided by §26 GC."

We are of the opinion that §26, GC, does apply in the consideration of the provisions of §5399 GC; and since there is no express provision in §5399 GC, making this section applicable to the assessment or final order of the tax commissioner complained of in this appeal nor to this appeal as a pending proceeding, we are of the view that the provisions of §5399, GC, do not apply in this case.

The further question presented in the consideration of this case is whether or not the application of the provisions of §5399, GC, is excluded by the provisions of section 28 of Article II of the state Constitution, providing that "the General Assembly shall have no power to pass retroactive laws". In the consideration of this question it is pertinent, perhaps, to again note that the amended tax assessment certificate complained of in this case was made by the tax commissioner a few days before the expiration of the time limitation within which he was authorized to make amended tax assessment certificates for the tax year 1939, under the provisions of §5377, GC. This section so far as the same is here material provides as follows:

"Each preliminary assessment certificate, and if amended such preliminary assessment certificate as last amended shall become final on the second Monday of August of the second year after the certification of the preliminary assess-

ment certificate, or thirty days after the certification of an amended assessment certificate which shall have been issued less than thirty days prior to such second Monday of August; unless, prior to the expiration of said period or extended period: * * *

"An application for review and redetermination of the assessment represented thereby shall have been filed pursuant to §5394 GC, in which event the filing of such an application shall have the effect of a waiver of such time limitation and a consent that the applicant's final assessment certificate may be issued at the time, under the circumstances and by the authority provided by any law relating to further administrative or judicial review of the assessment represented thereby".

It appears from the record in this case that the appellant filed its application for review and redetermination prior to the expiration of the extended period prescribed by the above quoted provisions of §5377, GC; and, consequently, the tax assessment herein complained of is open for such further order or judgment as the Board of Tax Appeals or the Supreme Court, respectively, may make by way of the affirmance, reversal or modification of such assessment. However as far as the tax commissioner is concerned, it appears that when said officer made said assessment and certified the same to the county auditor for entry on the personal property tax list and duplicate of the county and of the several taxing districts therein, above referred to, and when thereafter, in acting upon appellant's application for review and redetermination, he made his final order confirming said assessment, he had done all that he could do under his independent authority as tax commissioner with respect to the taxation of the property here in question for the tax year 1939; and such order so made by him was the "final determination" which under the provisions of §5611, GC, was the predicate for appellant's appeal to this Board. And, in our opinion, said assessment so made, certified and confirmed, was none the less complete by reason of the fact that the assessment, on the appeal of the taxpayer, might be reviewed by the Board of Tax Appeals and thereafter, if need be, by the Supreme Court. In this view, and since the above quoted provisions of §5377, GC, do not in any wise extend or otherwise affect the power and authority which the Board of Tax Appeals or the Supreme Court otherwise has under the provisions of §§5611-1 and 5611-2 GC, respectively, to affirm, reverse or modify said assessment, we are of the view that no effect can be given to the provisions of the §5399,

GC, in this case consistently with the provisions of state Constitution above referred to. Touching this question it is noted that in the case of **State, ex rel Struble, v Davis et al., Tax Commission of Ohio, 132 Oh St 555**, where the Court had under consideration certain acts of the legislature providing, among other things, for the exemption from taxation of the personal property of interurban railroad companies for certain tax years therein respectively stated, the Court held:

"The provisions of House Bill 674, passed July 1, 1933, and Amended Senate Bill 23, passed March 5, 1935, in so far as they provide for the exemption of taxes, the assessment of which had been completed at the time such acts respectively became laws, are violative of the provisions of **Section 28 of Article II** of the State Constitution, providing that 'the General Assembly shall have no power to pass retroactive laws'."

This decision of the Supreme Court was made on the consideration of a demurrer to the relator's petition in the case. Thereafter the case again came on for consideration by the Court upon the final submission thereof. **State, ex rel, Struble v Davis et al., Tax Commission of Ohio, 135 Oh St 593.** With respect to the former decision of the Court in this case, as above noted, the Court in its per curiam decision in the case as later reported, said: "It is also contended by the respondents that the provisions of House Bill 674 are not violative of the constitutional provision against the enactment of retroactive laws. This question was carefully considered and decided by the Court in overruling the demurrer to the relator's petition." After quoting the syllabus of the decision of the Court on the first report of the case, as above noted, the Court further said:

"Upon further consideration of this question the Court finds no persuasive reason for changing its original view. That decision is therefore approved and followed. Inasmuch as it is conceded that the property in question was assessed and certified for the year 1932 before House Bill 674 became a law, it is apparent that the exemption provisions thereof are retroactive and void as to the tax for that year".

Moreover, looking at the provisions of §5399 GC, objectively and without any necessary reference to the facts of this particular case, and keeping in mind the rule that the constitutionality of a law is to be determined by its operation and effect and "by what the law authorizes to be done under its provisions" (12 C. J. 786, Sec. 219), it would seem to be a mat-

ter of some difficulty to sustain the retroactive effect of the provisions of this section under the equal protection of the law provisions of the state Constitution. For, as to this, it is a matter of common knowledge that in the year 1939 there were a considerable number of taxpayers in this state who owned and used in business property which had been theretofore erroneously assessed as real property, but which under rules adopted and promulgated by the tax commissioner under the authority of §§1464-3 and 1464-4, GC, was classified as personal property and was rightly assessed as such in said tax year under the provisions of §5328 GC and other related sections of the General Code providing for the assessment of tangible personal property. Doubtless many of such taxpayers made voluntary payments of the taxes assessed against them for said tax year on personal property of this kind. Obviously the provisions of §5399, GC, are of no avail as to taxpayers who voluntarily paid their taxes for said tax year. If any validity can be ascribed retroactively to the provisions of this section, they can operate only in favor of taxpayers who, like the appellant, did not pay such taxes, and who now contest their liability by reason of these provisions. Touching this question, the Supreme Court of this state in the case of State ex rel. v Hunt et al., 132 Oh St 568, held, "A statute which confers special benefits upon delinquent taxpayers not equally available to non-delinquent taxpayers, violates Section 2 of Article I of the Constitution and is therefore void and of no effect".

In this connection it is not thought that the case of State, ex rel Outcalt etc. v Guckenberger, 134 Oh St 457, lends any support to the view of appellant with respect to the application of the provisions of §5399, GC, to the facts of this case. That case was sui generis involving, as it did, the consideration of the so-called Whittemore Acts providing for the remission of penalties and interest charges on delinquent taxes as an inducement to the payment of such taxes within certain times therein specified. The case now before the Board involves the question as to the retroactive application of statutory provisions which, in effect, exempt from taxation personal property of a certain kind and description for a particular and ascertained tax year, and likewise, in effect, abate the taxes assessed against the property for such tax year.

The Board of Tax Appeals, as a tribunal possessing only administrative and quasi-judicial power and authority, does not presume to hold unconstitutional statutory provisions which have been presented for its consideration in the determination of cases pending before it on appeal or otherwise; But this Board, like any other tribunal, is called upon to note constitutional questions, if any, which inhere in such statu-

tory provisions and to construe the same, if possible, so as to avoid constitutional objections thereto. In this view, aside from the other considerations above noted and discussed, we are of the opinion that the provisions of §5399, GC, should be considered as having a prospective operation only; and that they do not, for this reason, have any application to the facts of this case.

It follows, therefore, on all of the considerations herein noted and discussed, that the tax commissioner did not err in including in his amended assessment and final order herein complained of the particular items of the personal property of the appellant here in question. And in this respect the amended assessment and final order of the tax commissioner is hereby affirmed.

In the stipulation of facts filed and read into the record in this case it is stated that:

"Said amended assessment certificate of August 7, 1941 showed a valuation for a taxing district known as 'Brower Road' which should have been listed as 'Miami Township - S. D. 2' and showed a valuation for a taxing district 'Cleves North Bend - S.D.' which should have been included in and listed as 'Miami Township - S.D. 2' ".

In view of this statement in the stipulation of facts, this case is remanded to the tax commissioner for a correction of the assessment certificate in the respects above indicated.